## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| LEILA R. TAYLOR, ) | FILED: SEPTEMBER 30, 2008 |
| ) | 08CV5588 |
| Plaintiff, ) | JUDGE LEFKOW |
| ) | MAGISTRATE JUDGE KEYS |
| v. ) | Case No. 08 CV _____ |
| ) | TC |
| ARON FEINBERG, SUE FEINBERG, ) | |
| MICHAEL FEINBERG, MARCY ) | |
| FEINBERG, MICHELE TRULL and, ) | **JURY TRIAL DEMANDED** |
| ETHAN TRULL, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

NOW COMES, Plaintiff, LEILA R. TAYLOR ("Leila"), through her undersigned counsel, and for her Complaint against the Defendants Aron Feinberg ("Aron"), Sue Feinberg ("Sue"), Michael Feinberg ("Michael"), Marcy Feinberg ("Marcy"), Michele Trull ("Michele") and Ethan Trull ("Ethan"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Leila is a citizen of the State of California. Leila is Michael's sister and the only daughter of the late Max ("Max") and Erla ("Erla") Feinberg.

2. Aron is a citizen of the State of Illinois. Aron is Michael's son.

3. Sue is a citizen of the State of Illinois. Sue is Aron's wife.

4. Michael is a citizen of the State of Illinois. Michael is the only son of Max and Erla.

5. Marcy is a citizen of the State of Illinois. Marcy is Michael's wife.

6. Michele is a citizen of the State of Illinois. Michele is Michael's daughter.

7. Ethan is a citizen of the State of Illinois. Ethan is Michele's husband.

8. This Court has personal jurisdiction over the Defendants as the Defendants are citizens of the State of Illinois.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the Plaintiff, on the one hand, and the Defendants, on the other hand, are citizens of different states, and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

## OVERVIEW OF MICHAEL'S BREACH OF FIDUCIARY DUTY

10. Max died on December 4, 1986 after amassing wealth through, *inter alia*, his dental practice in Chicago, Illinois.

11. Erla died on October 1, 2003.

12. Prior to Erla's death, Michael withdrew funds for his own benefit from accounts held in joint tenancy by Erla, Leila and Michael at the Bank of Lincolnwood; Fifth/Third Bank; Wachovia Bank and Chase Bank, and also concealed his misappropriation of funds from those accounts ("Michael's Misappropriation").

13. Leila did not learn of Michael's Misappropriation until on and after May 19, 2006, when Michael appeared for citation examinations in a probate matter pertaining to Erla's estate.

14. Michael's Misappropriation includes, but is not limited to, significant cash withdrawals via ATM cards; removal of assets of unknown value from Erla's safety deposit boxes and also amounts improperly paid towards the following:

    a. improvements of Michael's home;

    b. to purchase a car owned and used by Michael;

    c. to purchase a Michigan vacation home owned and used by Michael;

    d. to finance the cost of Michele's wedding;

    e. to pay $70,000 in Montessori School tuition for Aron's children; and,

   f.  to pay credit card balances of Michael, Marcy and/or Sue.

15. Michael has concealed Michael's Misappropriation from Leila, despite the fact that Leila, as a joint owner and otherwise, had a right to the funds improperly withdrawn by Michael.

## FACTS PERTAINING TO THE DEFENDANTS' CONSPIRACY

16. After Erla's death on October 1, 2003, Michael and Marcy involved Aron, Sue, Michele and Ethan in a scheme to both conceal and divert attention from Michael's Misappropriation and breaches of fiduciary duty by instead targeting Leila and her husband Marshall Taylor ("Marshall") as to alleged misappropriation by Marshall and Leila (collectively, the "Taylor's").

17. Ultimately, the Defendants' conspiracy culminated in the filing of a lawsuit by Michele and Aron against the Taylors on June 25, 2004 in the Circuit Court of Cook County (the "Cook County Lawsuit"). Years later, Aron withdrew as a Plaintiff from the Cook County Lawsuit.

18. In 2008, Leila discovered that Marcy, Aron, Sue, Michele and Ethan (the "Non-Michael Defendants") knew of Michael's Misappropriation as early as February, 2004, if not sooner. *See*, for example, February 3, 2004, May 3, 2004 and June, 2004 correspondence amongst the Defendants and counsel, true and correct copies of which are attached hereto and incorporated herein as Group Exhibit "A."

19. Further, the Non-Michael Defendants have personally and directly benefited from their own procurement of assets from Erla's estate, while charging the Taylors' with misappropriation of assets for similar conduct.

20. The Defendants, as early as February, 2004 but certainly by May 2, 2004, agreed to the following (the "Agreed Scheme"):

    a. to collectively conceal Michael's Misappropriation from the Taylors;

    b. to collectively conceal Michael's breaches of fiduciary duty from the Taylors;

    c. to divert attention from Michael's Misappropriation and breaches of fiduciary by putting the Taylors on the defensive, thereby allowing evidence pertaining to Michael's misconduct to be lost or destroyed;

    d. that Michael would not sue the Taylors in the Cook County Lawsuit because that course of action would trigger a counterclaim by the Taylors against Michael and therefore it was instead agreed by the Defendants that Aron and Michele would serve as the purported "plaintiffs" in the Cook County Lawsuit, but in reality Michele and Aron were "proxies" for Michael;

    e. to ignore Michael's Misappropriation and breaches of fiduciary duty;

    f. to allow Michael to keep as much of the money that he misappropriated from Erla's estate as possible, as that circumstance would ultimately inure to the benefit of Michele and Aron, Michael's heirs;

21. The Defendants agreed to the Agreed Scheme during at least one, if not two, meetings at Aron's home. One of those meetings was on May 2, 2004.

22. The Non-Michael Defendants, and each of them, knew and understood that Michael had engaged in misconduct by the time that they agreed to the Agreed Scheme. For example, the Non-Michael Defendants have admitted to knowing the following on or before the time the Defendants agreed to the Agreed Scheme:

    a. that it was their sole purpose to see that Michael procured the most possible money from Erla's estate;

    b. that at the time of the Agreed Scheme, the Non-Michael Defendants (Ethan, for example) knew and believed that Michael "ought to go to jail;" that Michael "had stolen some money from Erla Feinberg as of May, 2004;" and, that "I absolutely think Michael Feinberg is a criminal;"

4

    c.    that at the time of the Agreed Scheme and well before Michele and Aron filed the Cook County Lawsuit in furtherance of the Agreed Scheme, that Michael had misappropriated $260,000.00 from Erla's estate;

    d.    that the purpose of the Alleged Scheme was for the Defendants to collectively "develop a strategy for dealing with these apparent discrepancies," in reference to Michael's Misappropriation; and,

    e.    that the Non-Michael Defendants themselves personally benefited both from Michael's Misappropriation and their own procurement of funds from Erla and Erla's estate, including, but not limited to, payments of Montessori school tuition for Aron's children in the amount of at least $70,000; payments towards the financing of Michele's wedding; and, other procurement of funds and assets from Erla and her estate while at the same time alleging that the Taylor's misappropriated funds from Erla and Erla's estate.

23.    In addition to the above, the Non-Michael Defendants aided and abetted Michael in Michael's Misappropriation and concealing the same through the following:

    a.    by Michele and Aron agreeing to serve as "proxies" for Michael as "Plaintiffs" in the Cook County Lawsuit, despite Michele and Aron knowing little to nothing about the facts purportedly alleged by them in the Cook County Lawsuit;

    b.    by Ethan's procurement of free legal services for Michael and the Non-Michael Defendants through Ethan's then position as in-house counsel for a large company that allocated significant amounts of business to the law firm that filed the Cook County Lawsuit on behalf of Michele and Aron, but which was technically engaged by Michael, as memorialized by correspondence, true and correct copies of which are attached hereto and incorporated herein as Group Exhibit "B;"

    c.    by Ethan serving as the "spokesman" for the Defendants in early to mid-2004 in communicating with Marshall, which included threats to Marshall and concealment of Michael's Misappropriation from Leila;

    d.    by preparing the allegations of the Cook County Lawsuit; and

    e.    by otherwise aiding, abetting and enabling Michael and concealing Michael's Misappropriation.

5

## **COUNT I—BREACH OF FIDUCIARY DUTY (VS. MICHAEL ONLY)**

24. Leila adopts and reincorporates paragraphs 1 through 23 by and for paragraph 24 of Count I as if more fully alleged herein.

25. Michael owed Leila a fiduciary duty as a matter of law by virtue of their joint ownership of accounts at issue; by virtue of Leila's beneficial interest in assets misappropriated by Michael; and/or Michael's status as Leila's co-executor of Erla's estate and/or otherwise pursuant to the law.

26. Michael breached his fiduciary duty to Leila by:

   a. misappropriating funds that rightfully were Leila's;

   b. concealing Michael's Misappropriation from Leila;

   c. allowing evidence of Michael's Misappropriation to be lost or destroyed;

   d. allocating misappropriated funds to the Non-Michael Defendants; and,

   e. otherwise violating his duties of good faith, fair dealing, loyalty and honesty to Leila.

27. As a result of Michael's breach of fiduciary duty, Leila has suffered compensatory damages in an amount to be fully determined at trial, but in the amount of at least $75,000.00, exclusive of costs and interest, as it is believed that Michael misappropriated at least $260,000.00 from Erla and her estate. Further, Leila is entitled to recover her costs and reasonable attorney's fees as compensatory damages for Michael's breaches of fiduciary duty.

28. Michael's breaches of fiduciary duty were willful, malicious and calculated, and therefore Leila is entitled to recover punitive damages.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendant, MICHAEL FEINBERG, in the amount of at least

$75,000.00, exclusive of costs and interest, plus punitive damages, costs, interest and such other relief deemed just by this Court.

### COUNT II—CONSTRUCTIVE FRAUD (VS. MICHAEL ONLY)

29. Leila adopts and reincorporates paragraphs 1 through 28 by and for paragraph 29 of Count II as if more fully alleged herein.

30. As a result of his breaches of fiduciary duty, Michael has also committed constructive fraud against Leila.

31. As a result of Michael's constructive fraud, Leila has suffered compensatory damages in an amount to be fully determined at trial, but in the amount of at least $75,000.00, exclusive of costs and interest, as it is believed that Michael misappropriated at least $260,000.00 from Erla and her estate. Further, Leila is entitled to recover her costs and reasonable attorney's fees as compensatory damages for Michael's breaches of fiduciary duty.

32. Michael's constructive fraud was willful, malicious and calculated, and therefore Leila is entitled to recover punitive damages.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendant, MICHAEL FEINBERG, in the amount of at least $75,000.00, exclusive of costs and interest, plus punitive damages, costs, interest and such other relief deemed just by this Court.

### COUNT III—FRAUDULENT CONCEALMENT (VS. MICHAEL ONLY)

33. Leila adopts and reincorporates paragraphs 1 through 32 by and for paragraph 33 of Count III as if more fully alleged herein.

34. Michael concealed material facts from Leila, such as those facts alleged herein relating to Michael's Misappropriation; the Agreed Scheme; the Non-Michael Defendants'

participation in the Agreed Scheme; the Non-Michael Defendants' knowledge of Michael's misconduct; and, the Non-Michael Defendants' personally benefiting from Erla's estate.

35. Michael, as Leila's fiduciary, had a duty to disclose these material facts to Leila.

36. As a result of Michael's fraudulent concealment, Leila has suffered compensatory damages in an amount to be fully determined at trial, but in the amount of at least $75,000.00, exclusive of costs and interest, as it is believed that Michael misappropriated at least $260,000.00 from Erla and her estate. Further, Leila is entitled to recover her costs and reasonable attorney's fees as compensatory damages for Michael's breaches of fiduciary duty.

37. Michael's fraudulent concealment was willful, malicious and calculated, and therefore Leila is entitled to recover punitive damages.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendant, MICHAEL FEINBERG, in the amount of at least $75,000.00, exclusive of costs and interest, plus punitive damages, costs, interest and such other relief deemed just by this Court.

### COUNT IV-CIVIL CONSPIRACY (ALL DEFENDANTS)

38. Leila adopts and reincorporates paragraphs 1 through 37 by and for paragraph 38 of Count IV as if more fully alleged herein.

39. The Defendants, and each of them, knowingly and voluntarily agreed to the Agreed Scheme on or before May 2, 2004 during a meeting at Aron's home, despite, in Ethan's words, previously knowing that Michael had "stolen money" from Erla; that Michael "ought to go to jail;" and that "I absolutely think Michael Feinberg is a criminal."

40. The Defendants knew and understood the general objectives of the Agreed Scheme as alleged herein; agreed with those objectives and each did their part to further those objectives in the ways alleged herein.

41. The Defendants' Agreed Scheme embodied the Defendants' concerted and coordinated action to accomplish the unlawful purpose of concealing and enabling Michael's Misappropriation; Michael's breaches of fiduciary duty; Michael's constructive fraud; Michael's fraudulent concealment and the Non-Michael Defendants' own personal benefit from the same and otherwise from Erla's estate.

42. The Non-Michael Defendants planned, assisted and/or encouraged Michael as to his misconduct.

43. As a result of Defendants' conspiracy, Leila has suffered compensatory damages in an amount to be fully determined at trial, but in the amount of at least $75,000.00, exclusive of costs and interest, as it is believed that Michael misappropriated at least $260,000.00 from Erla and her estate. Further, Leila is entitled to recover her costs and reasonable attorney's fees as compensatory damages for the Defendants' conspiracy.

44. The Defendants' conspiracy was willful, malicious and calculated, and therefore Leila is entitled to recover punitive damages.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendants, MICHAEL FEINBERG; MARCY FEINBERG; ARON FEINBERG; SUE FEINBERG; MICHELE TRULL; and, ETHAN TRULL; jointly and severally, in the amount of at least $75,000.00, exclusive of costs and interest, plus punitive damages, costs, interest and such other relief deemed just by this Court.

## COUNT V-UNJUST ENRICHMENT (ALL DEFENDANTS)

45. Leila adopts and reincorporates paragraphs 1 through 44 by and for paragraph 45 of Count V as if more fully alleged herein.

46. The Defendants were unjustly enriched by their conduct and it would violate fundamental principles of fair play and good conscience if the Defendants were permitted to retain the benefits of their unjust enrichment.

47. As a result of Defendants' unjust enrichment, Leila has suffered compensatory damages in an amount to be fully determined at trial, but in the amount of at least $75,000.00, exclusive of costs and interest.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendants, MICHAEL FEINBERG; MARCY FEINBERG; ARON FEINBERG; SUE FEINBERG; MICHELE TRULL; and, ETHAN TRULL; jointly and severally, in the amount of at least $75,000.00, exclusive of costs and interest, plus costs, interest and such other relief deemed just by this Court.

## COUNT VI-EQUITABLE ACCOUNTING(ALL DEFENDANTS)

48. Leila adopts and reincorporates paragraphs 1 through 47 by and for paragraph 48 of Count VI as if more fully alleged herein.

49. Pleading in the alternative, Leila does not have an adequate remedy at law.

50. Leila is entitled to an equitable accounting from Michael, due to the Michael's breaches of fiduciary duty, constructive fraud, fraudulent concealment and unjust enrichment, as well as the need for discovery.

51. Leila is entitled to an equitable accounting from the Non-Michael Defendants due to their conspiracy and unjust enrichment, as well as the need for discovery.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendants, MICHAEL FEINBERG; MARCY FEINBERG; ARON FEINBERG; SUE FEINBERG; MICHELE TRULL; and, ETHAN TRULL; jointly and severally, ordering the Defendants to provide Plaintiff with an equitable accounting, and then awarding Plaintiff damages as a result of the findings of the said accounting, plus costs, interest and such other relief deemed just by this Court.

### COUNT VII-CONSTRUCTIVE TRUST(ALL DEFENDANTS)

52. Leila adopts and reincorporates paragraphs 1 through 51 by and for paragraph 52 of Count VII as if more fully alleged herein.

53. Pleading in the alternative, Leila does not have an adequate remedy at law.

54. Leila is entitled to the imposition of a constructive trust as to any and all assets misappropriated by the Defendants.

WHEREFORE, Plaintiff, LEILA R. TAYLOR, respectfully requests that this Court enter judgment in her favor against Defendants, MICHAEL FEINBERG; MARCY FEINBERG; ARON FEINBERG; SUE FEINBERG; MICHELE TRULL; and, ETHAN TRULL; jointly and severally, ordering the imposition of a constructive trust, plus costs, interest and such other relief deemed just by this Court.

### JURY TRIAL DEMANDED

Respectfully submitted,

LEILA R. TAYLOR,
Plaintiff,

/s/ Robert H. Lang
One of Her Attorneys

Robert H. Lang (6225414)
Jonathan Strouse (6194263
Leah Wardak (6285246)
Holland & Knight LLP
131 South Dearborn Street, Suite 3000
Chicago, IL 60603
(312) 263-3600

# 5620506_v1