IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEILA R. TAYLOR, | |
|     Plaintiff, | Case No. 1:08 CV 05588 |
| v. | Judge Lefkow |
| | Magistrate Judge Keys |
| ARON FEINBERG, SUE FEINBERG, MICHAEL FEINBERG, MARCY FEINBERG, MICHELE TRULL and ETHAN TRULL, | |
|     Defendants. | |

### MICHELE AND ETHAN TRULL'S MOTION TO DISMISS
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, Michele F. Trull and Ethan E. Trull, by counsel, submit the following Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

1.  On September 30, 2008, Leila Taylor ("Leila") filed a lawsuit against Michele Trull and her husband Ethan Trull (the "Trulls"), among others.

2.  On November 26, 2008, Leila filed a First Amended Complaint. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "A."

3.  In her Amended Complaint, Leila alleges that sometime prior to October 1, 2003, Michele Trull's father, namely Michael Feinberg ("Michael"), misappropriated funds from bank accounts that were held jointly among Erla Feinberg, Leila Taylor and Michael Feinberg. (Amended Complaint at ¶ 12). Leila further alleges that Michael's misappropriation included improper cash and other asset withdrawals and use of funds from the joint accounts to pay personal expenses. (Complaint at ¶ 14).

4. Leila does not allege that the Trulls misappropriated any money. The facts alleged against the Trulls can be found in Paragraphs 16 through 23 of the Amended Complaint, where Leila claims a conspiracy existed among Michael Feinberg, the Trulls and the other defendants. (Complaint at ¶¶ 16 – 23).

5. According to Leila, the defendants' alleged conspiracy began after October 1, 2003, and "culminated" in the filing of a lawsuit by Michele and Aron (Michele's brother) against the Taylors on June 25, 2004 in the Circuit Court of Cook County. (Complaint at ¶ 17).

6. Of course, there is nothing unlawful about Michele and her brother filing a lawsuit against the Taylors. The purported basis for this lawsuit, at least as it pertains to the Trulls, is that Michele did not also initially name her father, Michael Feinberg, as a defendant in the Cook County Lawsuit (Michele later amended her complaint to include Michael). According to Leila's complaint, by suing the Taylors but not initially suing her father, Michele somehow concealed and diverted attention from Michael Feinberg's misappropriation. (Complaint at ¶ 16).

7. There is no question that at the time Michele sued the Taylors for stealing money from Erla Feinberg and her estate both she and her husband Ethan Trull were aware that Michele's father Michael Feinberg also had stolen money from Erla Feinberg and her estate. Nevertheless, not surprisingly, initially Michele chose not to sue her father and instead brought her claims only against the Taylors. Despite the fact that approximately <u>one year</u> after initially filing suit Michele amended her complaint to add Michael as a defendant, Leila alleges that she was damaged because Michele did not include Michael in the initial lawsuit.

8. Leila does not allege any facts establishing a duty on Michele's part to sue Michael Feinberg at the same time she sued the Taylors or at any other time.

9. Leila does not allege any facts establishing a duty on the part of the Trulls to disclose Michael Feinberg's misappropriations to Leila.

10. None of the Trulls' acts alleged by Leila to have taken place leading up to the "culmination" of the alleged conspiracy are themselves inherently illegal or unlawful.

11. Leila's Complaint does not state any cause of action against the Trulls and must be dismissed pursuant to federal Rule of Civil Procedure 12(b)(6).

WHEREFORE Michele and Ethan Trull respectfully request that this Court dismiss Leila Taylor's Complaint against them.

                          Respectfully submitted,
                          Michele and Ethan Trull

                          /s/ Robin Drey Maher
                          One of their attorneys

James R. Carey (06200974)
Robin Drey Maher (6283440)
Levin, Schreder & Carey, Ltd.
120 N. LaSalle St., 38th Fl.
Chicago, IL 60602
(312) 332-6300