# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LEILA R. TAYLOR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 08-CV-5588 |
| | ) | |
| ARON FEINBERG, SUE FEINBERG, | ) | Hon. Joan H. Lefkow |
| MICHAEL FEINBERG, MARCY | ) | |
| FEINBERG, MICHELE TRULL and, | ) | |
| ETHAN TRULL, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Plaintiff Leila R. Taylor ("Leila") filed a seven-count complaint against Aron Feinberg

("Aron"), Sue Feinberg ("Sue"), Michael Feinberg ("Michael"), Marcy Feinberg ("Marcy"),

Michele Trull ("Michele"), and Ethan Trull ("Ethan") arising from Michael's alleged

misappropriation of assets belonging to the estates of Leila's and Michael's parents, Erla and

Max Feinberg (respectively, "Erla" and "Max").  Count I, breach of fiduciary duty, Count II,

constructive fraud, and Count III, fraudulent concealment, are brought against Michael only.

The remaining counts are directed against all defendants.  Count IV alleges a claim for civil

conspiracy in aiding Michael in his misappropriation, breach of fiduciary duty, and constructive

fraud, and concealment of the same.  Count V is a claim for unjust enrichment.  Counts VI and

VII seek an equitable accounting and the imposition of a constructive trust, respectively.  The

defendants have filed several motions to dismiss the complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6).[1]  For the following reasons, their motions [#19, 29, 30, &

31] are granted with leave to replead counts I-VI.

## BACKGROUND

Erla and Max, the parents of Michael and Leila, were residents of Chicago, Illinois and

had amassed considerable wealth before their deaths.  Compl. ¶¶ 1, 10–11.  Max died on

December 4, 1986, Erla on October 21, 2003.  *Id.* ¶¶ 10–11.  During the nearly twenty years Erla

lived after Max's death, she continued to live in Chicago, near Michael and his children, Aron

and Michele, and their spouses, Sue and Ethan.  *Id.* ¶ 11.  Leila, at all relevant times, lived in

California with her husband, Marshall Taylor ("Marshall").  *Id.*  Michael tended to Erla's

financial affairs prior to her death.  *Id*.

While Erla was still alive, she held joint bank accounts with her two children.  *Id*. ¶ 12.

Leila alleges that, sometime before Erla's death in 2003, Michael misappropriated at least

$260,000 for his own benefit from these accounts and other assets in which Leila had rights.  *Id.*

¶¶ 11–12, 27.  She further claims that the other defendants ("Non-Michael Defendants") had at

least some knowledge of Michael's misappropriation and entered into a scheme to conceal the

misappropriation.  *Id.* ¶¶ 20, 22.  All defendants are alleged to have met at least once at Aron's

house on May 2, 2004 to agree to the scheme.  *Id*. ¶ 21.  The scheme involved ignoring

Michael's misappropriation, allowing him to keep as much money as possible, concealing

Michael's misappropriation and breach of fiduciary duty from Leila, allowing evidence to be lost

or destroyed, and having Michele and Aron, but not Michael, sue Leila and Marshall for their

---

[1] Michele and Ethan filed a motion to dismiss on December 15, 2008 (Docket No. 19), Aron and Sue
filed a motion to dismiss on February 16, 2009 (Docket No. 29), and Michael and Marcy filed individual
motions to dismiss on February 17, 2009 (Docket Nos. 30 & 31).

own alleged misappropriation in state court. *Id*. ¶ 20. Leila alleges that the Non-Michael

Defendants furthered Michael's actions by procuring free counsel, serving as proxy plaintiffs in

a suit against Leila and Marshall, having Ethan act as a spokesman for the defendants in

communications with Marshall, and preparing the allegations of the state lawsuit. *Id.* ¶ 23.

Three related actions ("state probate proceedings") are currently pending in the Circuit

Court of Cook County, Illinois. *In re Estate of Erla Feinberg*, No. 04 P 5093 (Cook County Cir.

Ct. filed July 7, 2004); *In re Estate of Max Feinberg*, No. 05 P 173 (Cook County Cir. Ct. filed

Jan. 10, 2005); *Trull* v. *Taylor*, No. 04 L 7195 (Cook County Cir. Ct. filed July 25, 2004).[2] In

*Trull* v. *Taylor*, Michele and Aron sued Leila and Marshall, seeking recovery for the estate of

approximately two million dollars they misappropriated.[3] Michele and Ethan Mem. at 3.

Michele later added claims against Michael for his alleged misappropriation. *Id.* at 3. Aron is

no longer a plaintiff in the case. *Id.* at 2 n.1. Leila had brought claims similar to those alleged in

this case in the state probate proceedings but voluntarily dismissed them in October 2008.

Michael Mot. at 2.

The defendants move to dismiss Leila's complaint. First, they seek dismissal under Rule

12(b)(1), arguing that the amount in controversy does not exceed the requisite $75,000 and that,

even if it does, this court lacks subject matter jurisdiction under a judicially created doctrine

---

[2] These actions have been consolidated. *In re Estate of Max Feinberg*, 891 N.E.2d 549, 550, 383 Ill.
App. 3d 992, 322 Ill. Dec. 534 (Ill. App. 2008), *rev'd*, No. 106982 (Ill. Sept. 24, 2009).

[3]   In the state probate proceedings, Leila and Michael challenged whether Michele had standing to bring
suit against them because Max's will provided that any grandchild who marries outside the Jewish faith
would be considered deceased ("the beneficiary restriction clause"). They argued that because Ethan is
not Jewish, Michele is considered deceased and thus has no interest in the estate. *In re Estate of Max
Feinberg*, No. 106982 (Ill. Sept. 24, 2009). Although the circuit and appellate courts invalidated the
beneficiary restriction clause, finding it to be against public policy, the Illinois Supreme Court reversed
and remanded to the circuit court for further proceedings. *Id.* This decision appears to divest Michele of
standing to pursue her claims before the state probate court.

known as the probate exception.[4]  Alternatively, the defendants move to dismiss under Rule

12(b)(6), claiming that Leila fails to allege fraudulent conduct underlying each count with

particularity as required by Rule 9(b) and fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The burden of proof is on the party

asserting jurisdiction.  *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir.

2003).  In determining whether subject matter jurisdiction exists, the court must accept all

well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts

in the plaintiff's favor.  *Sapperstein* v. *Hager*, 188 F.3d 852, 855 (7th Cir. 1999).  "Where

evidence pertinent to subject matter jurisdiction has been submitted, however, 'the district court

may properly look beyond the jurisdictional allegations of the complaint . . . to determine

whether in fact subject matter jurisdiction exists.'" *Id.* (quoting *United Transp. Union* v.

*Gateway W. Ry. Co*., 78 F.3d 1208, 1210 (7th Cir. 1996)) (internal citations omitted).

Federal district courts have original jurisdiction over all civil actions between citizens of

different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  When

---

[4] Michael and Marcy also urge the court to dismiss on the basis of comity or stay the suit pending adjudication of the state probate proceedings.  Michael Mot. at 2; Marcy Mot. at 1.  They do not support their request with any legal analysis, but instead simply state that the state probate proceedings involve the same issues and that Leila had previously brought similar claims against Michael in the state probate proceedings.  The failure to develop their abstention argument as a basis for relief is fatal to Michael and Marcy's request, as the court is not obligated to research and develop the legal arguments available to the parties.  *United States* v. *Hook*, 195 F.3d 299 (7th Cir. 1999) ("A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim, for it is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.  In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate . . . ." (citations omitted) (internal quotation marks omitted)).  Consequently, the court will not address whether abstention is appropriate in this case.

suing multiple defendants in a diversity action, a plaintiff "must meet the requirements of the

diversity statute for each defendant or face dismissal." *Newman-Green, Inc.* v. *Alfonzo-Larrain*,

490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (citing *Strawbridge* v. *Curtiss*, 3

Cranch 267, 2 L. Ed. 435 (1806)). If the amount in controversy is contested, the party invoking

federal jurisdiction must demonstrate by a preponderance of the evidence that the amount is at

least $75,000. *Meridian Sec. Ins. Co.* v. *Sadowski*, 441 F.3d 536, 540, 543 (7th Cir. 2006).

"Uncertainty about whether the plaintiff can prove its substantive claim, and whether damages

(if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.*

at 543. Accordingly, "'[i]t must appear to a legal certainty that the claim is really for less than

the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co.* v. *Red

Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a

claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *General Elec. Capital

Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). As with a 12(b)(1)

motion, in ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the

plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.

*Dixon* v. *Page*, 291 F.3d 485, 586 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion,

the complaint must not only provide the defendant with fair notice of the claim's basis, but must

also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007). Allegations of fraud are subject to the heightened pleading

standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that the plaintiff must plead the

"who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo* v. *Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

**DISCUSSION**

**I. Subject Matter Jurisdiction**

      **A. Amount in Controversy**

Defendants do not contest that their citizenship is diverse from that of Leila[5] but claim that Leila has not met the amount in controversy requirement for diversity jurisdiction to lie. "It is the *case*, rather than the *claim*, to which the $75,000 minimum applies." *Johnson* v. *Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). If defendants are *jointly* liable, a plaintiff may aggregate the amount against the defendants to meet the $75,000 minimum. *Middle Tennessee News Co.* v. *Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001). If defendants are *severally* liable, however, the amount in controversy must be satisfied with respect to each defendant individually. *Id.* "[S]o long as the amount in controversy requirement is satisfied with respect to one count or the proper aggregation of counts . . . for each defendant, [the] analysis may stop." *LM Ins. Corp.* v. *Spaulding Enter. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008).

In this case, Leila has alleged that all defendants are jointly and severally liable for at least $75,000 arising from their participation in a civil conspiracy to aid in and conceal Michael's alleged misconduct. As Michael is alleged to have misappropriated at least $260,000 from Erla and her estate, money and assets Leila claims to have had rights to, and the Non-Michael Defendants are said to have conspired in this misappropriation, making them jointly and severally liable, it is not apparent to a legal certainty that the amount Leila has been injured is less than $75,000. Thus, Leila has met the amount in controversy requirement with respect to

---

[5] Leila is a citizen of California, Compl. ¶ 1, and the defendants are all citizens of Illinois. *Id.* ¶¶ 2–7.

each defendant.[6]

**B. The Probate Exception**

The probate exception to federal jurisdiction is a narrow one. *Marshall* v. *Marshall*, 547

U.S. 293, 305, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006). It "reserves to state probate courts the

probate or annulment of a will and the administration of a decedent's estate; it also precludes

federal courts from endeavoring to dispose of property that is in the custody of a state probate

court." *Id.* at 311–12. It does not, however, "bar federal courts from adjudicating matters

outside those confines and otherwise within federal jurisdiction." *Id.* at 312. Thus, an *in rem*

action in federal court involving the same *res* that a state court is exercising jurisdiction over is

inappropriate, but an *in personam* action in federal court related to the state action may proceed.

Following the *Marshall* decision, the Seventh Circuit has ruled that claims for breach of

fiduciary duty or tortious interference do not ask the court to administer an estate or dispose of

property in the state probate court's custody, but instead seek to impose tort liability on an

---

[6] Michele and Ethan allege, in their reply brief, that Leila's beneficial interest in Erla's estate is only 25%, meaning that Leila would only be entitled to $65,000 of the $260,000. Michele and Ethan Reply at 3. Michele and Ethan do not supply any evidence for this allegation and did not timely raise it, so the court need not consider this claim in determining whether the amount in controversy requirement is met. *See Windy City Metal Fabricators & Supply, Inc.* v. *CIT Technical Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point." (quoting *Tyler* v. *Runyon*, 70 F.3d 458, 464 (7th Cir. 1995))); *Carter* v. *Tennant Co.*, 383 F.3d 673, 678 (7th Cir. 2004) (new arguments raised for the first time in a reply brief are considered waived). Even if true, Leila's request for punitive damages in connection with the civil conspiracy claim would bring the amount in controversy to over $75,000. *Cadek* v. *Great Lakes Dragaway, Inc.*, 58 F.3d 1209 (7th Cir. 1995) ("'Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.'") (quoting *Bell* v. *Preferred Life Society*, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943)). Illinois law allows for the recovery of punitive damages for civil conspiracy. *Sarno* v. *Thermen*, 608 N.E.2d 11, 239 Ill. App. 3d 1034, 180 Ill. Dec. 889 (Ill. App. Ct. 1992) ("We note that '[i]f a civil conspiracy is found to exist, punitive damages may be had in an appropriate case under the normal standards pertaining to the imposition of punitive damages.'" (citation omitted)). Thus, Leila's claim for punitive damages may be counted toward the amount in controversy requirement here. *See LM Ins. Corp.*, 533 F.3d at 551.

individual. *Jones* v. *Brennan*, 465 F.3d 304, 307–08 (7th Cir. 2006); *see also Marshall*, 547

U.S. at 311–12. Similarly, in counts I (breach of fiduciary duty), II (constructive fraud), III

(fraudulent concealment), and IV (civil conspiracy), Leila is seeking *in personam* judgments

against the defendants, alleging widely recognized tort claims. It is true that citation proceedings

are ongoing in state probate court and that the state probate court has authority to determine

issues similar or identical to those raised here. *See* 755 Ill. Comp. Stat. 5/16–1; Aron and Sue

Mot. at 5; Michael Mot. at 2. Leila's suit, however, does not involve the recovery of the

misappropriated assets for the benefit of Erla's or Max's estates, as do the state probate

proceedings. Rather, she is seeking to recover personally for the harm she suffered because of

the misappropriation and accompanying actions. Although this court's judgment "may be

intertwined with and binding on those state proceedings," *Lefkowitz* v. *Bank of New York*, 528

F.3d 102, 106 (2d Cir. 2007), this alone does not strip the court of jurisdiction over Leila's *in*

*personam* claims.[7] Consequently, the probate exception does not apply to these counts.

    Of the three counts requesting particular forms of relief (unjust enrichment, equitable

accounting, and a constructive trust), only count VII, imposition of a constructive trust, requests

an *in rem* remedy. Because Michael misappropriated funds and assets that would have been part

of Erla's estate, and the person requesting a constructive trust "must trace the funds to particular

---

[7] This court's decision in *Fischer* v. *Hartford Life Insurance Co.* is distinguishable from the case at bar. 486 F. Supp. 2d 735 (N.D. Ill. 2007). *Fischer* found that the removal of a citation proceeding to federal court was inappropriate because citation proceedings are integral to the probate court's administration of the estate. *Id.* at 739–40. Here, however, Leila has not attempted to remove the ongoing citation proceedings to federal court, but instead has asserted claims against the defendants for which they could be personally liable. In *Fischer*, the court differentiated between the removal of a citation proceeding and a state tort law claim to federal court, implying that a separate but related *in personam* action may have been proper in federal court. *Id.* at 740 n.1. While a citation proceeding may be uniquely suited to state court, *id.* at 740, claims such as breach of fiduciary duty, fraudulent concealment, and civil conspiracy are addressed routinely by federal courts and do not involve issues in which the state court has "special proficiency." *Marshall*, 547 U.S. at 312.

assets," *Wilde* v. *Wilde*, 576 F. Supp. 2d 595, 604 (S.D.N.Y. 2008), imposing a constructive

trust would interfere with the *res* that is the subject matter of the state probate proceedings.

Counts V and VI, for unjust enrichment and equitable accounting respectively, do not require

interference with the *res* over which the state court has jurisdiction, as no tracing requirement

applies. *See Great-West Life & Annuity Ins. Co.* v. *Knudson*, 534 U.S. 204, 214 n.2, 122 S. Ct.

708, 151 L. Ed. 2d 635 (2002); *Wilde*, F. Supp. 2d at 604 ("An award of restitution for unjust

enrichment is a money judgment *in personam*, not linked to any particular asset. . . . '[E]quitable

accounting does not seek any particular *res* or fund of money[.]'" (quoting 1 Dobbs, Law of

Remedies § 4.3(1) (2d ed. 1993))). Thus, only count VII will be dismissed under the probate

exception.

## II. Rule 12(b)(6)[8]

Defendants first challenge whether the complaint meets Rule 9(b)'s particularity

requirement. Rule 9(b) requires a party to state with particularity the circumstances constituting

fraud or mistake, although malice, intent, and knowledge may be alleged generally. Fed. R. Civ.

P. 9(b). The rule applies to averments, not claims, of fraud. *Borsellino* v. *Goldman Sachs

Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Thus, "[a] claim that 'sounds in fraud'–in other

words, one that is premised upon a course of fraudulent conduct–can implicate Rule 9(b)'s

heightened pleading requirements." *Id.* Leila's argument that Rule 9(b) arguably only applies to

count III (fraudulent concealment) is unavailing.

### A. Constructive Fraud

Count II clearly falls within Rule 9(b)'s scope, as it is an allegation of constructive fraud.

While Leila is correct to note that "constructive fraud does not require actual dishonesty or intent

---

8    As count VII is dismissed for lack of jurisdiction, the court does not consider it in this discussion.

to deceive," *LaSalle Nat'l Trust, N.A.* v. *Bd. of Dirs. of the 1100 Lake Shore Drive Condo.*, 677

N.E.2d 1378, 1383, 287 Ill. App. 3d 449, 222 Ill. Dec. 579 (Ill. App. Ct. 1997), it still amounts to

positive fraud. *In re Estate of Neprozatis*, 378 N.E.2d 1345, 62 Ill. App. 3d 563, 568, 19 Ill.

Dec. 470 (Ill. App. Ct. 1978) (defining constructive fraud as "any act, statement or omission

which amounts to positive fraud or which is construed as a fraud by the courts because of its

detrimental effect upon public interests and public or private confidence"). Thus, the

constructive fraud count must be pled with particularity. *Gen. Elec. Capital Corp.* v. *Lease

Resolution Corp.*, 128 F.3d 1074, 1079 (7th Cir. 1997). Because a breach of fiduciary duty

creates a presumption of constructive fraud, *LaSalle Nat'l Trust*, 677 N.E.2d at 1383, this means

that the breach itself must be pled with particularity, which, as explained below, has not been

done.

### B. Michael's Misappropriation

Although Leila does not use the word "fraud" to describe the conduct at issue in the

complaint, the actions alleged as the basis for the breach of fiduciary duty and other claims

sound in fraud. Michael is accused of engaging in fraudulent conduct: misappropriating funds,

concealing the misappropriation and other material facts, allowing evidence of the

misappropriation to be lost or destroyed, and allocating misappropriated funds to the other

defendants. Compl. ¶¶ 26, 34. The other defendants are said to have conspired in the unlawful

purpose of assisting, aiding, abetting, concealing, enabling, and planning Michael's

misappropriation. *Id.* ¶¶ 16–23, 41–42. Because Michael's misappropriation and the

accompanying fraudulent conduct by all defendants underlie each count, Rule 9(b) applies to

each.

Leila has not met the heightened burden imposed by Rule 9(b) in alleging Michael's

misappropriation. She states that the misappropriation consisted of Michael taking at least

$260,000 from Erla and her estate, but she does not specify from what accounts the money was

withdrawn or what other assets Michael misappropriated. She does not specifically provide a

time period during which the money was withdrawn and the other unspecified assets were

misappropriated. Instead, Leila states only that it occurred prior to Erla's death, a time frame

that spans at least the seventeen years between Max and Erla's deaths. Furthermore, Leila fails

to sufficiently allege her rights to the funds and assets that were misappropriated. She does not

particularly allege circumstances permitting an inference that Michael's actions were to Leila's

disadvantage and contrary to Erla's wishes and the terms of the joint bank account and other

agreements related to Erla's assets. Her assertion that Michael owed her a fiduciary duty by

virtue of her joint ownership of the accounts, the only basis upon which his breach of fiduciary

duty with regard to the misappropriation could have occurred, is conclusional.[9] Leila must

provide greater specificity so that the court may determine whether she has stated claims upon

which relief may be granted and the defendants have notice of what allegedly fraudulent acts

underlie the claims in this litigation. *See Ryan* v. *Mary Immaculate Queen Center*, 188 F.3d 857,

860 (7th Cir. 1999) (the purpose of the pleading requirements is to "allow the court to determine

at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any

tenable theory or basis of suit, so that if he does not the case can be got rid of immediately

without clogging the court's docket and imposing needless expense on the defendant"). As the

circumstances surrounding Michael's misappropriation underlie counts I (breach of fiduciary

duty), II (constructive fraud), IV (civil conspiracy), V (unjust enrichment), and VI (equitable

---

[9] As the misappropriation occurred before Erla's death, Michael's fiduciary duty to Leila as coexecutor of
Erla's estate had not yet arisen and cannot be the basis for his breach.

accounting), these counts must be dismissed.

### C. Fraudulent Concealment

Leila's claim for fraudulent concealment (count III) fails not only to provide the requisite

particularity but also to allege essential elements of the cause of action.  To state a claim for

fraudulent concealment, a plaintiff must allege

> (1) the concealment of a material fact; (2) the concealment was
> intended to induce a false belief, under circumstances creating a
> duty to speak; (3) the innocent party could not have discovered the
> truth through a reasonable inquiry or inspection, or was prevented
> from making a reasonable inquiry or inspection, and relied upon
> the silence as a representation that the fact did not exist; (4) the
> concealed information was such that the injured party would have
> acted differently had he been aware of it; and (5) that reliance by
> the person from whom the fact was concealed led to his injury.

*Schrager* v. *N. Cmty. Bank*, 767 N.E.2d 376, 384, 328 Ill. App. 3d 696, 262 Ill. Dec. 916 (Ill.

App. Ct. 2002) (citations omitted).  Leila does not allege that Michael's concealment was

intended to induce Leila to believe that no fraudulent conduct was occurring or had occurred.

While Leila claims that Michael has not provided her with documentation related to his handling

of Leila's financial affairs, presumably preventing her from making an investigation, she does

not allege that she relied on his silence as a representation that he had not engaged in any

fraudulent conduct.  Further, she does not state that she would have acted differently had she

been aware of the material facts concealed from her.  Leila's failure to allege these essential

elements of fraudulent concealment warrants dismissal.  As such, count III must also be

dismissed.

### CONCLUSION AND ORDER

For the foregoing reasons, defendants' motions for dismissal [# 19, 29, 30, and 31] are

granted.  Count VII is dismissed without prejudice with leave to refile in state court.  The

remaining counts are dismissed without prejudice with leave to replead.  Plaintiff has fourteen

days to file an amended complaint on counts I-VI.


Sept. 28, 2009                                    Enter: _Joan N Lefkow_

                                                          JOAN HUMPHREY LEFKOW
                                                          United States District Judge