IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEILA R. TAYLOR, | ) | |
| | ) | No. 08-cv-5588 |
| Plaintiff, | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| MICHAEL FEINBERG and | ) | |
| MARCY FEINBERG | ) | |
| Defendants. | ) | |

### DEFENDANT MARCY FEINBERG'S MOTIONS TO DISMISS
### COUNTS VIII AND IX OF THE THIRD AMENDED COMPLAINT

Defendant, Marcy Feinberg ("Marcy"), by and through one of his attorneys, James E. Dahl, respectfully moves this Court to dismiss Counts VIII and IX of the "Third Amended Complaint" filed by plaintiff, Leila R. Taylor ("Leila"), which are the only counts directed against Marcy.

### MOTION TO DISMISS COUNT VIII
### (A PURPORTED CLAIM FOR AIDING AND ABETTING)
### FOR FAILURE TO STATE A CLAIM WITH PARTICULARITY

Marcy moves this Court to dismiss Count VIII, which purports to allege a claim for aiding and abetting, pursuant to Fed.R.Civ.P. 9 and Fed.R.Civ.P. 12(b)(6), because the allegations of that count do not set forth a claim for which relief can be granted with the requisite particularity.

1. At Count VIII, Leila attempts to allege a claim against Marcy for aiding and abetting her husband, Michael Feinberg ("Michael"), in connection with his allegedly fraudulent conduct.

2. Leila, once again, chooses to ignore the pleading requirements of particularity imposed by Fed.R.Civ.P. 9 when bringing accusations of fraud against a defendant.

3.   This Court has already admonished Leila that Rule 9 requirement to state with particularity the circumstances constituting the fraud apply to claims that necessarily "sound in fraud." The Court, in its Order of September 28, 2009, stated that:

> Thus, '[a] claim that sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements. (*Id.*, Borsellino v. Goldman Sachs Group, Inc., 477 F.3rd 502, 507 (7th Cir.) 2007. Leila's argument that Rule 9(b) arguably only applies to Count III (fraudulent concealment) is unavailing. (Order, 9/28/09, at 9.)

4.   Without question, the particularity requirements of Rule 9(b) apply to Leila's claim that Marcy aided and abetted her husband in connection with the alleged and so-called "Michael Misappropriations." Notwithstanding the clear application of Rule 9, the only allegations which Leila makes in support of her claim of aiding and abetting is as follows:

> Marcy assisted Michael in carrying out his misconduct alleged herein.
>
> Marcy was regularly aware of Michael's misconduct and her role in aiding and abetting Michael.
>
> Marcy knowingly and substantially assisted Michael in his misconduct.
> (Third Amended Complaint, Count VIII, ¶¶ 67-69.)

Interestingly, Leila does not even allege that Marcy aided and abetted her husband, but only that she was supposedly "aware of … her role in aiding and abetting Michael." Such conclusory allegations do not come remotely close to meeting the Rule 9 standard for pleading fraud with particularity.

WHEREFORE, Marcy respectfully requests this Court to dismiss Count VIII; Marcy further requests that given that this is the fourth effort to implicate her in a scheme to defraud, that the dismissal should be with prejudice.

## MOTION TO DISMISS IX
## (A PURPORTED CLAIM FOR UNJUST ENRICHMENT)
## FOR FAILURE TO STATE A CLAIM

Marcy respectfully moves this Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Count IX, which purports to allege a claim for unjust enrichment.

1. In order to be "unjustly enriched," someone must be found to have done something that was "unjust."

2. Leila has failed to allege any act engaged in by Marcy which was "unjust" and which served to enrich Marcy at Leila's expense.

3. Marcy incorporates the statements set forth in her Motion to Dismiss Count VIII above.

WHEREFORE, Marcy respectfully requests this Court to dismiss IX; Marcy further requests that, given the fact that this is the fourth time that an attempt has been made to implicate her in a scheme to fraud, that this dismissal be made with prejudice.

JAMES E. DAHL
DAHL & BONADIES, LLC
30 North LaSalle St. #1500
Chicago, IL 60602
312/641-3245

By: /s/ James E. Dahl
One of the Attorneys for Marcy Feinberg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEILA R. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 cv 05588 |
| v. | ) | |
| | ) | |
| MICHAEL FEINBERG, et al., | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

The undersigned attorney for Marcy Feinberg hereby certifies that **"Defendant Marcy Feinberg's Motions To Dismiss Counts VIII and IX Of The Third Amended Complaint"** was served on February 21, 2011, in accordance with Fed.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing pursuant to the District Court's Electronic Case Filing (ECF) System as to ECF filers.

By: /s/ James E. Dahl
One of the Attorneys for Marcy Feinberg

JAMES E. DAHL
DAHL & BONADIES, LLC
30 North LaSalle Street
Suite 1500
Chicago, IL 60602
312/641-3245